

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 6, 1950

Hon. M. B. McCoy, D.C., President
Board of Chiropractic Examiners
Austin, Texas          Opinion No. V-1081

> Re: The authority of the Texas
> Board of Chiropractic Ex-
> aminers to issue licenses
> by reciprocity with States
> which require basic science
> examination but in which
> these applicants are ex-

Dear Dr. McCoy:        empt from such examination.

Your request for an opinion is as follows:

"This Board has received information from the Texas Basic Science Board to the effect that it has established a reciprocal arrangement with the State of Tennessee, where the individual received his Tennessee Basic Science certificate by examination.

"We have received information from the Secretary of the Tennessee State Board of Chiropractic Examiners to the effect that Chiropractors who were licensed prior to 1947 by examination in Tennessee are exempt from the Tennessee Basic Science Law.

"Dr. Carrick, Secretary of the Tennessee Chiropractic Board, advises that ... (upon the advice of Legal Office of Regulatory Boards) those licensed prior to 1947, are exempt from it, and that in his opinion a photostatic copy of license, or a certified copy of the Law on the Basic Sciences of his State should be sufficient proof for the Texas Board to act on. The Board in the Basic Sciences of Tennessee has ruled that the Tennessee Chiropractic Board can certify that licenses prior to February, 1947, are exempt from the Basic Science Law."
(Parenthetical material supplied)

You desire to know whether a chiropractor of a foreign state who was exempt from the provisions of the basic science act in his state at the time of receiving his license, may be granted a license by reciprocity in this State to practice chiropractic without first getting a certificate of proficiency in the basic sciences.

Section 9 of Article 4512b, V.C.S. (Chiropractic Law), provides:

"The Texas Board of Chiropractic Examiners shall ... grant license to practice chiropractic to licentiates of other states or territories having requirements and practices equal to those established by the laws of this State.... Said application shall be accompanied by a license, or a certified copy of license to practice chiropractic, lawfully issued to the applicant, upon examination, by some other state or territory of the United States...."(Emphasis supplied throughout)

Section 7 of H.B. 103, Acts 51st Leg., R.S., 1949, ch. 95, p. 170, commonly referred to as the "Basic Sciences Law" (Art. 4590c, V.C.S.), is as follows:

"No certificate shall be issued by the Board unless the person applying for it submits evidence, satisfactory to the Board, ... (6) that he has a comprehensive knowledge of the basic sciences as shown by his passing the examination given by the Board as by this Act required. This shall not be construed to prevent the issue of certificates under the provisions of Section 8 of this Act."

Section 8, above referred to, says:

"The Board shall waive the examination required by Section 7, when proof satisfactory to the Board is submitted, showing (1) that the applicant has passed in another State, Territory, or District of Columbia, an examination in the basic sciences before a board of examiners; (2) that the requirements of that State, Territory, or District

of Columbia are not less than those required by this Act as a condition precedent to the issue of a certificate; (3) that the board of examiners in that State, Territory, or District of Columbia grants like exemption from examination in the basic sciences to persons holding certificates from the State Board of Examiners in the Basic Sciences in Texas; ..."  (H.B. 103 as amended by H.B. 915, Acts 51st Leg., R.S., 1949)

Section 1 of Article 4590c (Basic Sciences Law) requires that a person must obtain a certificate of proficiency in the basic sciences before being examined for a license to practice the healing arts or to be granted a license to practice the healing arts. For the purposes of this opinion, an exception to this rule is that the Board of Basic Science Examiners may waive the examination for such certificate of proficiency when the provisions of Section 8 of the Act are met.

In your particular factual situation, the Texas Board of Chiropractic Examiners could issue a license by reciprocity with those states having similar qualifications for the practice of chiropractic. However, the fact that an applicant is exempt under the laws of his state would not obviate the necessity of his meeting the requirements of this state. In answer to the following question:

"Question No. 5.  'If you have answered Question No. 1 in the affirmative, what effect will this have on the applicants whose applications for license by reciprocal endorsement were approved on June 17th? License certificates were signed on June 17th for approximately 200 applicants, and are now ready to be sent out, should the Board send out these license certificates without having obtained a basic science certificate, even though there is no Board of Basic Science Examiners to issue a basic science certificate?'"

the Attorney General, in Opinion No. V-867, dated July 30, 1949, stated:

"Since receiving your request for opinion, you have advised that this question

should be limited to those applicants who filed after the effective date of the Act, since action had already been taken on those which were filed before such date. On applications, filed, and obviously to be acted upon after the effective date, April 28, 1949, House Bill 103 clearly requires certificates of proficiency in the basic sciences before the issuance of licenses to practice. Since the Basic Science Law indicates that no license shall be issued before obtaining a certificate of proficiency and since no examination for admission by reciprocity is required, it is our opinion that the Board of Medical Examiners may hold in abeyance the applications of those to be admitted to practice the healing arts by reciprocity until such time as the applicants may obtain from the Basic Sciences Board the certificates of proficiency required by law. Upon receipt of such certificates of proficiency in the basic sciences by the Board of Medical Examiners such Board would be authorized to issue all licenses which were signed on June 17th by virtue of reciprocal agreements."

In view of the foregoing, it is our opinion that the chiropractors in question may not be granted a license to practice chiropractic in the State of Texas by reciprocity since they do not have certificates of proficiency in the Basic Sciences.

### SUMMARY

Chiropractors of another state, who at the time of their receiving licenses, were exempt in such state from the provisions of the Basic Science Act, may not be granted a license by reciprocity to practice chiropractic in this State without first procuring a certificate of proficiency in the basic sciences; i.e., without taking and passing an examination.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe R. Greenhill
First Assistant

BW:bh:db

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant